## ATTACHMENT A

## STIPULATION OF FACTS

*The undersigned parties stipulate and agree that if this case had proceeded to trial, this Office would have proven the following facts beyond a reasonable doubt. The undersigned parties also stipulate and agree that the following facts do not encompass all of the evidence that would have been presented had this matter proceeded to trial.*

On November 26, 2018, Defendant **AMBROSE AUGUSTUS DOYE** ("**DOYE**") and Co-Conspirator 2 drove to Barbershop 1 in Capitol Heights, Maryland in a black Mercedes.

**DOYE** and Co-Conspirator 2 spoke to two employees of Barbershop 1 outside the barbershop, purporting to be potential customers, then drove to a 7-11 convenience store across the street from Barbershop 1. **DOYE** exited the vehicle and entered the 7-11. **DOYE** and Co-Conspirator 2 drove back to Barbershop 1. Barbershop 1 does business that affects interstate commerce by, among other things, using items in the course of business that were manufactured outside the state of Maryland such as hair clippers.

**DOYE** and Co-Conspirator 2 entered Barbershop 1 purporting to be customers. **DOYE** sat in a barbershop chair while Employee 1 prepared to cut his hair. Soon after, **DOYE** drew a handgun and pointed it at Employee 1. At the same time, Co-Conspirator 2 struck Employee 2 in the back of the head with a handgun.

**DOYE** and Co-Conspirator 2 ordered Employee 1 (a male) and Employee 2 (a female) to the back of Barbershop 1, and pulled down the blinds of the windows in Barbershop 1. **DOYE** and Co-Conspirator 2 forced Employee 1 and Employee 2 to strip entirely naked and lie face down on the floor with their hands behind their heads and to count to one thousand. **DOYE** and Co-Conspirator 2 robbed Employee 1 and Employee 2 of their personal belongings, including money, cellphones, and jewelry. **DOYE** and Co-Conspirator 2 demanded to know where additional money was in the store, and threatened to kill the employees if they moved while they counted to one thousand. **DOYE** and Co-Conspirator 2 searched for money in the store, and tried to remove a television from the wall. **DOYE** and Co-Conspirator 2 also placed a number of hair clippers in a bag while searching for items of value to steal, although the bag was not taken. In total, the value of the property stolen from Barbershop 1 was at least $370.

When **DOYE** and Co-Conspirator 2 were unable to locate additional money in Barbershop 1, **DOYE** threatened to kill the employees. **DOYE** and Co-Conspirator 2 further threatened to kill the employees if the robbery was reported. **DOYE** and Co-Conspirator 2 left Barbershop 1 with the personal belongings of the employees, including a silver necklace with the word "Allah" belonging to Employee 2. Employee 2's necklace was later recovered in a search of **DOYE's** home. A silver and black handgun that was used in the robbery was also located in the search of **DOYE's** home, that is a Smith & Wesson, Model SW40VE, .40 caliber semi-automatic pistol, bearing serial number DTL12561.

When Co-Conspirator 2 was arrested, a black handgun used in the robbery was recovered from his person, that is a an HS Products, Model XDM-9, 9 mm semi-automatic pistol, bearing serial number MG805435.

SO STIPULATED:

_____
Catherine K. Dick
Assistant United States Attorney
Jared Hernandez
Special Assistant United States Attorney

_____
Ambrose Augustus Doye
Defendant

_____
Teresa Whalen, Esq.
Counsel for Defendant

Rev. August 2018

11